PAUL, APPELLEE, *v.* PAUL, APPELLANT.

(Decided September 29, 1939.)

*Mr. O. B. Kaufman,* for appellee.
*Mr. J. G. Hartwell,* for appellant.

PHILLIPS, J. This case is before us on an appeal on questions of law from a judgment of the Court of Common Pleas of Mahoning county which sustained a demurrer to defendant's amended application for removal of a proceeding pending therein to some other county of the seventh judicial district of Ohio, under authority of Section 12000, General Code. The purpose of this proceeding was to modify the judgment of the division of domestic relations of that court with respect to the custody of a minor child in an action for divorce and alimony.

Section 12000, General Code, is strictly a venue statute, applicable solely to actions for divorce or alimony and has remained upon the statute books of this state unrepealed, unchanged and unmodified for almost 90 years. The provisions thereunder for securing a change of venue, which means a change of the place of trial, a geographical change, are simple and direct, and have been fully complied with when the applicant has filed an application for a change of venue supported by an affidavit that a fair and impartial hearing and determination of the case cannot be had before the court in which a petition for divorce or alimony has been filed. It is the mandatory duty of the court in which the application and affidavit have been filed to allow a change of venue and cause the case to be removed to some county in the same judicial district for hearing and determination. Section 11521, General Code, provides that testimony may be submitted by affidavit;

and under the provisions of Section 12000, General Code, no further hearing in support of the reasons for asking for a change of venue are necessary, and there are no provisions for filing counter or contradictory affidavits. In our opinion, that section is not rendered unconstitutional because of the provision making it the mandatory duty of the court petitioned to allow a change of venue when the application and affidavit have been filed, and does not violate the provisions of Section 3, Article IV of the Constitution, as suggested by the trial judge in his opinion, because of no hearing thereon. The affidavit is the applicant's evidence in support of the application.

It is clear to us that the judicial districts referred to in Section 12000, General Code, were the common pleas judicial districts which existed prior to the Constitutional Amendments of 1912 and that upon compliance with the requirements of that section of the Code it was and still is the mandatory duty of the judge of the court in which an application and affidavit have been filed in accordance therewith to allow a change of venue and remove the case to some county in such a common pleas judicial district, for hearing and determination.

Common pleas judicial districts were abolished by the Constitutional Amendments of 1912, and it is argued that by reason thereof, the mandatory provisions of Section 12000, General Code, are impossible of performance and that therefore Section 12000, General Code, was repealed by implication by those constitutional amendments. This argument raises the interesting question as to where the judge of the lower court could remove this case if a change of venue were allowed? Common pleas judicial districts were abolished, but the counties comprising the several common pleas judicial districts of the state were not abolished, by the Constitutional Amendments of 1912. The counties of Stark, Carroll, Columbiana, Geauga, Lake, Ash-

tabula, Mahoning, Trumbull and Portage, which comprised this common pleas judicial district prior to 1912, exist today, as they did then, and we are bound to take judicial notice of the counties that comprised this common pleas judicial district prior to 1912 and their territorial lines. See Section 720, Laning's Revised Statutes.

By virtue of Section 12000, General Code, prior to the adoption of the constitutional amendments a Mahoning county common pleas judge had to allow a change of venue under the conditions named therein and remove a case for hearing and determination before any judge of the Court of Common Pleas of any of the counties above named, but not to any other county in the state. That section of the Code is still in full force and effect, unrepealed, unchanged and unmodified and under its provisions the Court of Common Pleas of Mahoning county must still allow a change of venue under the conditions named in that section and remove a case from that court to any of the counties which comprised the common pleas judicial district when abolished, which have already been named.

It seems to us that we need not pass upon the constitutionality of Section 12000, General Code, or the repeal thereof by implication to determine the questions involved in this case. This statute was not expressly repealed and is in full force and effect and we are not satisfied that it has been repealed by implication or violated the provisions of Section 3, Article IV of the Constitution, which provides:

"Any judge of the Court of Common Pleas may temporarily preside and hold court in any county; and until the General Assembly shall make adequate provision therefor, the Chief Justice of the Supreme Court of the state shall pass upon the disqualification or disability of any judge of the Court of Common Pleas, and he may assign any judge to any county to hold court therein."

This provision of the Constitution deals with the disqualification or disability of a judge to hear and determine a specific case. Section 12000, General Code, deals with the question of the change of venue, a change of the place of trial, for reasons unnecessary to set forth in the affidavit whose number may be legion. The constitutional provision is specific. It deals with the qualification or disability of a judge. Section 12000, General Code, is all inclusive, and includes the bias of the judge which was the reason assigned in the affidavit in the instant case. The provisions of one do not conflict with or violate the provisions of the other. They deal with separate and distinct matters.

We have concluded, therefore, that Section 12000, General Code, does not violate the provisions of Section 3, Article IV of the Constitution, and was not repealed by the Constitutional Amendments of 1912.

Our answer to the question as to where the lower court may remove this case when a change of venue is allowed is that it shall be removed to the Court of Common Pleas of Stark, Carroll, Columbiana, Geauga, Lake, Ashtabula, Trumbull or Portage counties, which counties together with Mahoning county in which the case was filed comprised the common pleas judicial district at the time common pleas judicial districts were abolished in 1912 as provided by Section 720, Laning's Revised Statutes of Ohio.

It follows from what we have said that the demurrer should have been overruled, the application of the defendant for change of venue allowed, and the proceedings removed to the Court of Common Pleas of either of the above named counties to be heard and determined.

The judgment of the lower court is reversed and the cause remanded thereto with instructions to overrule the demurrer, allow the application for change of venue and cause the case to be removed to the Court of Common Pleas of either Stark, Carroll, Columbiana,

Geauga, Lake, Ashtabula, Trumbull or Portage county to be heard and determined.

*Judgment reversed and cause remanded.*

Nichols, P. J., and Carter, J., concur.